UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P770-S

**TERRANCE WAGNER**   **PETITIONER**

v.

**LARRY CHANDLER**   **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

The petitioner, Terrance Wagner, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. He also filed an application to proceed without prepayment of filing fees (DN 4). Because the petitioner makes the requisite showing under 28 U.S.C. § 1915(a), the court will grant his application.

The matter is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After conducting the requisite review, the court concludes that the petitioner has presented this court with a mixed petition. In other words, he has presented the court with a petition that contains both exhausted and unexhausted claims. Accordingly, the court will direct him to show why it should stay his federal habeas action while he pursues his state court remedies as to the unexhausted claims. Alternatively, the petitioner may seek a nonprejudicial dismissal of his petition while he pursues postconviction relief through the state courts.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On December 3, 2003, following a bench trial, the Hardin Circuit Court convicted the petitioner of attempted sodomy in the first degree for which he received a 20-year sentence. On direct appeal, he presented two arguments. First, he claimed that he was incompetent to stand trial. And second, he claimed that his confession was illegally obtained. The Supreme Court of

Kentucky rejected both arguments and affirmed his conviction and sentence. *Wagner v. Commonwealth*, 2003-SC-770-MR (May 19, 2005). He did not seek certiorari review by the United States Supreme Court.

On November 14, 2005, the petitioner initiated this habeas action. In addition to the claims presented on direct appeal, he asserts two more claims. First, he claims that his Fifth and Fourteenth Amendment rights to due process were violated because the trial court failed to consider a lower degree of sexual abuse when convicting and sentencing him. Second, he claims that counsel was ineffective for not trying to secure a conviction at a lower criminal offense level. He claims that the trial court never considered a lower offense due to counsel's ineffectiveness.

## II. EXHAUSTION OF STATE COURT REMEDIES

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). The United States Supreme Court in *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) held that to fulfill the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The district court can and must raise the

2

exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

This petitioner properly exhausted two of his claims: (1) that he was incompetent to stand trial; and (2) that his confession was involuntary. As to the other two claims, namely, that the trial court improperly failed to consider lower level offenses when convicting and sentencing him and that his counsel was ineffective for not making this suggestion to the trial court, he did not exhaust them. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). The petitioner has at least one available procedure by which to raise the unexhausted claims he has presented in this application. He may file a motion to vacate, set aside or correct his sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure.

Because the petition has some claims that are exhausted and some that are not, the petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust their state remedies. Since the habeas statutes were amended to impose a one-year statute of limitations on habeas claims, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), which held that the one-year limitations period is not tolled during the pendency of a federal habeas petition.

Given that dismissing mixed petitions could potentially deprive an inmate of any habeas review in federal court, the United States Supreme Court has instructed federal district courts faced with mixed petitions to determine whether the "stay-and-abeyance" procedure is

warranted. *Rhines v. Weber*, — U.S. —, 125 S.Ct. 1528 (2005). Under that procedure, district courts can dismiss the unexhausted claims and stay further proceedings on the remaining portion of the petition until the petitioner has exhausted his claims in the state court. *See, e.g., Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002); *Griffin v. Rogers*, 308 F.3d 647, 652 n. 1 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). Stay and abeyance, the Supreme Court opined, "should be available only in limited circumstances." *Rhines*, 125 S.Ct. at 1534.

Before a petitioner is entitled to a stay of his federal habeas petition while he pursues his state court remedies, he must demonstrate "good cause" for failing to exhaust his claims in state court. *Rhines*, 125 S.Ct. at 1535.[1] The Supreme Court further held that even if the petitioner demonstrates good cause, a stay is inappropriate if the unexhausted claims are "plainly meritless" or if he has "engaged in intentionally dilatory litigation tactics." *Id*. If a district court determines that a stay is not appropriate, it must allow the petitioner to delete the unexhausted claims from his petition, especially in circumstances where an dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id*. Where a petitioner refuses to dismiss his unexhausted claims, the court must dismiss the entire petition without prejudice. *Id.* at 1533; *Rose*, 455 U.S. at 518-19.

---

[1]It is unclear what may constitute "good cause" for failing to exhaust state court remedies. "Shortly after its decision in *Rhines*, the Supreme Court stated in dicta that '[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" *Smith v. Wolfe*, No. 2:04-CV-1010, 2005 WL 2373431 (S.D. Ohio Sept. 27, 2005) (quoting *Pace v. DiGuglielmo*, — U.S.—, 125 S.Ct. 1807, 1813 (2005)).

Consequently, the petitioner here has the following choices.

**First choice**.  The petitioner may want the court to stay his federal habeas petition while he pursues his unexhausted claims in state court.  If he wishes to pursue this course, he must set forth why he is entitled to a stay of these proceedings while he accomplishes that task.  Specifically, he must show (1) good cause for his failure to exhaust his state court remedies before filing his habeas petition, (2) that his unexhausted claims are not plainly meritless,  and (3) that he has not engaged in intentionally dilatory litigation tactics.  *Rhines*, 125 S.Ct. at 1535.  If the petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the court's order, the court will given him an opportunity to dismiss the unexhausted claims in his petition.

**Second choice**.  The petitioner may seek a voluntary and nonprejudicial dismissal of his petition from this court so that he could pursue his state court remedies.  This means that once he has completed that process, he may file a new § 2254 petition in this court.  His filing of another petition, however, is conditioned upon his filing a *timely* habeas petition.  As noted below, the petitioner must be mindful of the one-year statute of limitations that governs federal habeas review.

## III.  STATUTE OF LIMITATIONS

If the petitioner chooses to dismiss his petition so that he can pursue his state court remedies, the court cautions him to take note of the one-year statute of limitations which governs all habeas petitions filed in federal court.  *See* 28 U.S.C. § 2244(d)(1).[2]  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[2] This same caution applies to situations where courts have dismissed mixed petitions.

The Supreme Court of Kentucky affirmed his conviction on May 19, 2005, however, his conviction became final for purposes of the one-year statute of limitations on the date that the 90-day time period for seeking certiorari from the U.S. Supreme Court expired. *Isham v. Randle,* 226 F.3d 691, 695 (6th Cir. 2000) (with respect to the direct review of a conviction " . . . the one year limitations period does not begin to run until after the time for filing a petition for a writ of certiorari with the United States Supreme Court has passed"); *Bronough v. Ohio*, 235 F.2d 280, 283 (6th Cir. 2000) (same). The petitioner's conviction, therefore, became final for purpose of the one-year time frame on August 16, 2005, when he failed to seek certiorari review from the U.S. Supreme Court. Section 2244's one-year limitations period commenced to run at that time.

If this court dismisses this petition without prejudice because the petitioner has presented a mixed petition and is not entitled to a stay of these proceedings or if the petitioner voluntarily withdraws his petition, the time that his petition has been pending in this court will be counted against that the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). What this means in practical terms is that the one-year limitations period began to run August 17, 2005 and will expire on August 17, 2006. However, if the petitioner files a state postconviction motion such as a Rule 11.42 motion, that motion *will* toll the limitations period. *See* § 2244(d)(2). As of this date, approximately four months have lapsed in the one-year time frame. For example, if the petitioner files his Rule 11.42 motion on January 17, 2006, then at the conclusion of his postconviction process, he will have approximately seven months left to bring his federal habeas claims to this court. The petitioner is encouraged to consider this information when responding to this order.

## IV. ORDER

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the petitioner's application to proceed without prepayment of filing fees is **GRANTED**.

**IT IS FURTHER ORDERED** that no later than **thirty (30) days** from the date of this order the petitioner must indicate whether he seeks voluntary dismissal of his petition to pursue his state court remedies **OR** if he seeks a stay of his federal habeas corpus action while he pursues his unexhausted claims in state court. If he seeks a stay of his federal case, he must show why he is entitled to a stay of these proceedings as outlined by the Supreme Court in *Rhines v. Weber*, — U.S. —, 125 S.Ct. 1528 (2005).

Date:

cc:     Petitioner *pro se*
        4411.002